UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY FRAZIER,

       Petitioner,

v.                                            CASE NO. 06-cv-11624
                                            HONORABLE LAWRENCE P. ZATKOFF

STATE OF MICHIGAN,

       Respondent.
_____/

## **ORDER OF DISMISSAL**

       This matter is pending before the Court on petitioner Larry Frazier's motion to show cause why the writ of habeas corpus should not be issued. Petitioner alleges that he is confined at the Saginaw County Jail in Saginaw, Michigan. He claims that the restraint on his liberty is illegal because:

  (1) he is in custody in violation of the constitution or laws of the United States;

(2) the charges fall within the scope of the Interstate Compact and Agreement Act, which implements the Crime Control Consent Act;

(3) Michigan has not enacted proper legislation that implements the Interstate Compact and Agreement Act to adjudicate charges from other states;

(4) the charges, if proven to be true, would preclude other states from their authority to prosecute;

(5) he is not being detained under any interstate fugitive warrant;

(6) the federal Government has not expressed its willingness to prosecute on said charges;

(7) he has not been provided with effective assistance of counsel to challenge his detention; and

(8) the district court issued a ninety-five-thousand-dollar cash bond.

Petitioner further alleges that the charges against him should not be prosecuted in the State of Michigan and, therefore, his jailor has no further legal authority to detain him.

The Court construes Petitioner's motion as a habeas corpus petition under 28 U.S.C. § 2241, because Petitioner apparently has not been tried. Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner.]" *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

> [A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id.* at 546 (internal citations omitted).

Petitioner has not alleged that he raised his claims at all levels of state court review. Nor has he shown any extraordinary circumstance justifying intrusion into state proceedings currently pending against him. Accordingly, his habeas petition is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

                                                         s/Lawrence P. Zatkoff
                                                         LAWRENCE P. ZATKOFF
                                                         UNITED STATES DISTRICT JUDGE

Dated: April 28, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 28, 2006.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290