UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY FRAZIER,

          Petitioner,

v.                                                 CASE NO. 06-CV-11624
                                                 HONORABLE LAWRENCE P. ZATKOFF

STATE OF MICHIGAN,

          Respondent.
_____/

## **ORDER DENYING RECONSIDERATION**

This matter is pending before the Court on Petitioner's motion for reconsideration of the order summarily dismissing his application for a writ of habeas corpus. The Court dismissed the habeas petition without prejudice because it appeared that criminal charges were pending against Petitioner in state court. It further appeared that Petitioner had failed to exhaust state remedies for his claims.

Petitioner urges the Court in his pending motion to consider his habeas petition in light of *Cuyler v. Adams*, 449 U.S. 433 (1981). The Supreme Court held in *Cuyler*

> that prisoners transferred pursuant to Article IV of the [Interstate Agreement on Detainers] were entitled to the safeguards provided for in the [Uniform Criminal] Extradition Act. This includes the right to a pretransfer hearing and the right to waive extradition only under those circumstances contained in the Extradition Act.

*Brown v. Ponte*, 842 F.2d 16, 18 (1st Cir. 1988) (internal citation omitted).

The Court is not persuaded from its review of *Cuyler* that it was misled by a "palpable defect" when it dismissed Petitioner's habeas petition. Local Rule 7.1(g)(3) (E.D. Mich. Sept. 8, 1998). A habeas petitioner who challenges extradition proceedings or an out-of-state detainer

through a petition for the writ of habeas corpus must first exhaust state remedies. *Whatley v. Morrison*, 947 F.2d 869, 870 (8th Cir. 1991); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980). Nothing in *Cuyler* suggests that Petitioner may forego exhausting state court remedies before filing a federal habeas petition. Nor has Petitioner demonstrated that some extraordinary circumstance warrants intrusion into ongoing state court proceedings. Accordingly, Petitioner's motion for reconsideration [Doc. #7, May 8, 2006] is DENIED.

                                        s/Lawrence P. Zatkoff  
                                        LAWRENCE P. ZATKOFF  
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 7, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 7, 2006.

                                        s/Marie E. Verlinde  
                                        Case Manager  
                                        (810) 984-3290